IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,        )
                                 )
            vs.                  )    Criminal No. 12-263
                                 )
FRANCIS MARIO TINSLEY,           )
                                 )
            Defendant.           )

MEMORANDUM OPINION

Pending before the court is a motion by counsel for defendant Francis Mario Tinsley ("defendant" or "Tinsley") for early termination of supervised release (ECF No. 61), to which the government filed a response in opposition. (ECF No. 68). The motion is ripe for decision.

On May 31, 2013, Tinsley pleaded guilty to possession with intent to distribute 28 grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). He was sentenced on December 13, 2013 to 36 months of imprisonment to be followed by 8 years of supervised release, to run concurrent with the sentence imposed at Crim. No. 13-150. Tinsley agreed to forfeit 16 firearms. At the time defendant filed his present motion, he served less than half of his term of supervised release.

I. STANDARD

Supervised release "serves an entirely different purpose that the sentence imposed under § 3553(a)," Pepper v. United States, 562 U.S. 476, 502 n. 15 (2011). It "fulfills rehabilitative ends, distinct from those served by incarceration." United States v. Johnson, 529 U.S. 53, 59 (2000). The court's determination whether early termination of supervised release is "warranted by the conduct of the defendant released and the interest

of justice," § 3583(e)(1), is a discretionary decision. United States v. Bayard, 537 F. App'x 41, 42 (3d Cir. 2013).

Pursuant to the governing statute, 18 U.S.C. § 3583(e):

[t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—

(1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). As specified in § 3583(e)(1), in exercising its discretion, the court must consider the following factors:

- the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1);

- the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, § 3553(a)(2)(B)-(D);

- the sentencing range established by the Sentencing Commission, § 3553(a)(4);

- any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5);

- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6); and

- the need to provide restitution to any victims of the offense, § 3553(a)(7).

The government in opposing the motion relies on United States v. Laine, 404 F.App'x 571 (3d Cir. 2010), which states "early termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something

exceptional or extraordinary warrants it." 404 F. App'x at 573-74. "Compliance with the conditions of supervised release are expected and not exceptional." *Id.* at 574.

II. ANALYSIS

The court first will consider the pertinent factors set forth in § 3553(a) as instructed in 18 U.S.C. § 3583(e)(1), and then determine whether early termination of defendant's supervised release is warranted by his conduct and in the interest of justice.

A. 3553 Factors

***(1) The nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1).***

Tinsley was convicted of a serious drug trafficking charge and accepted responsibility for 16 firearms. He has an extensive criminal history involving drugs and firearms. His criminal history category is VI, which is the highest criminal history classification in the Sentencing Guidelines. Tinsley was a long-term user of marijuana. It is laudable that Tinsley is now an honest businessman, a good family man, and that his son graduated from college. This factor nevertheless weighs against early termination of supervision, even though he has complied with the conditions of supervised release.

***(2) The need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner§§ 3553(a)(2)(B)-(D).***

Tinsley's repeated drug trafficking and possession of firearms crimes were dangerous to the community. The continuation of supervision affords deterrence to future criminal conduct and protects the public from further crimes by defendant. This factor weighs against an early termination of supervised release.

*(3) The sentencing range established by the Sentencing Commission, § 3553(a)(4).*

Tinsley's guideline range for imprisonment was 262-327 months, based on his designation as a career offender and armed career criminal. Tinsley was sentenced to a significant downward variance of 36 months of imprisonment. The court sentenced him to the statutory minimum term of supervised release, which was 8 years with a maximum of life, 21 U.S.C. § 841(a)(1) and (b)(1)(B).

Tinsley served his term of imprisonment. He has more than 4 years left on his term of supervision. The court determines that this factor weighs against early termination of his supervised release.

*(4) Any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5).*

No pertinent policy statements were raised by the parties with respect to this matter.

*(5) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6).*

There is no evidence of a need for early termination of Tinsley's supervised release to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. The court notes that the statute of conviction mandates, in most circumstances, a minimum term of supervised release of 8 years. Generally, the full term of supervision is fulfilled because "simple compliance with the conditions of supervised release are expected." *Laine*, 404 F. App'x at 574.

*(6) The need to provide restitution to any victims of the offense, § 3553(a)(7).*

Restitution is not at issue in this case.

B. Whether early termination is warranted and in the interest of justice

In support of his motion, defendant asserts that he has been a model citizen while

on supervision. While admirable, compliance with the conditions of supervision is required and is not extraordinary. United States v. Medina, 17 F.Supp.2d 245, 247 (S.D. N.Y. 1998) (if mere compliance with the required conditions of supervision were sufficient to warrant early termination and was in the interest of justice, this justification would "swallow the rule."). Indeed, the fact of compliance may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of it to full term will achieve its desired effects on the supervised individual and community. At least, something more than refraining from violations, even if not extraordinary or exceptional, should be required to warrant an exercise of discretion to terminate supervision early.

Tinsley also asserts that supervised release hampers his business opportunities because of travel restrictions. This concern is demonstrably misplaced. On August 17, 2017, the court issued a blanket order allowing Tinsley to travel for business in the domestic United States. (ECF No. 60). If there are particular conditions of supervision that continue to impact Tinsley's ability to perform specific tasks, the proper remedy is to ask the probation officer to modify those conditions. The early termination of supervision in its entirety is not warranted.

Considering the relevant factors, and the basis urged for early termination of supervision, the court finds that early termination is not warranted and is not in the interest of justice in this case. The court commends Tinsley's compliance with the conditions of his supervised release and his continued employment. Although laudable, these actions are expected and indeed required on supervised release. Tinsley faces a minimal burden to complete the remaining (statutory minimum) term of supervised

release to which he was sentenced.  The court is not convinced to terminate his supervised release early.

III. CONCLUSION

Based upon the foregoing, the court will deny the motion for early termination of supervised release (ECF No. 61) without prejudice to reassert based on future events.

An appropriate order follows.


Dated: March 26, 2020					BY THE COURT:


							/s/ Joy Flowers Conti
							Joy Flowers Conti
							Senior United States District Judge